**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye C. Rasch, State Bar No. 253838
frasch@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Thomas H. Casey

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MT. YOHAI, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>THOMAS H. CASEY, Chapter 7 Trustee of the Estate of MT. YOHAI, LLC,,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN B. MANAFORT and JEFFREY YOHAI,<br><br>Defendants. | Case No. 8:16-bk-15157-CB<br><br>Chapter 7<br><br>Adv. No. _____<br><br>**COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(1), 3439.07 AND 3439.09;**<br>**(2) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(b) AND 550, AND CALIFORNIA CIVIL CODE §§ 3439.04(a)(2), 3439.07 AND 3439.09;**<br>**(3) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550;**<br>**(4) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550;**<br>**(5) TO AVOID AND RECOVER FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 547(b) AND 550; AND**<br>**(6) TO PRESERVE AVOIDED TRANSFERS PURSUANT TO 11 U.S.C § 551** |

1194450.1                                                                COMPLAINT

Thomas H. Casey, the chapter 7 trustee ("Trustee" or "Plaintiff") of the estate ("the Estate") of Mt. Yohai, LLC, a Delaware limited liability company ("Debtor"), respectfully alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 323, 541, 542, 548, 549, 550 and 551. The instant adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C), (E) and (O).

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3. This adversary proceeding arises out of and is related to the case entitled *In re Mt. Yohai, LLC,* a chapter 7 case currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Catherine E. Bauer presiding ("the Bankruptcy Case").

## PARTIES TO THE ACTION

4. Plaintiff is the duly-appointed chapter 7 trustee of the Bankruptcy Estate.

5. Upon information and belief, Jeffrey Yohai ("Yohai") is the managing member of Mt. Yohai, LLC, the Debtor.

6. Upon information and belief, Kathleen B. Manafort ("Manafort") is the former mother-in-law of Jeffrey Yohai.

## STATEMENT OF STANDING

7. Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 323, 541, 542, 543, 549, 550, and 551.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 7, as though fully set forth herein.

9. On December 21, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). On

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

March 21, 2018, the Court, after a hearing on a Chapter 11 status conference, converted the case to one under chapter 7.

10. On March 28, 2018, Thomas H. Casey was appointed as Chapter 7 trustee.

11. The Plaintiff is informed, believes, and alleges that the Debtor's sole asset is property located at 2521 Nottingham Ave, Los Angeles, California ("Property").

12. The Plaintiff is informed, believes, and alleges that in Schedule A of Debtor's bankruptcy schedules filed on January 27, 2017 ("Schedules"), the Debtor listed the Property and indicated the current value of its interest in the Property to be $6,500,000.00. [Dkt. No. 34].

13. The Plaintiff is informed, believes, and alleges, that in Schedule D, the Debtor listed a secured claim against the Property in the form of a Deed of Trust in favor of Manafort ("Manafort Deed of Trust") in the amount of $748,000.00.

14. The Manafort Deed of Trust states that it secures "the indebtedness evidenced by a promissory note dated as of July 18, 2014." A true and correct copy of the Manafort Deed of Trust is attached hereto as Exhibit "A."

15. Plaintiff is informed, believes, and alleges that the Debtor purported to grant the Manafort Deed of Trust ("Transfer") on or about December 19, 2016 – two days before the Petition Date.

16. Plaintiff is informed, believes, and alleges that Yohai is a member of Baylor Holding LLC ("Baylor") which is the parent company of the Debtor.

17. Plaintiff is informed, believes, and alleges that Yohai is the former son-in-law of Manafort by virtue of being previously married to Manafort's daughter.

18. Plaintiff is informed, believes, and alleges that Yohai is a real estate partner of Paul Manafort, husband of Kathleen Manafort.

### FIRST CLAIM FOR RELIEF

(To Avoid and Recover Preferential Transfer pursuant to 11 U.S.C. §§ 547 and 550)

19. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 18 inclusive, as though fully set forth herein.

20. The Trustee is informed, believes, and alleges that the Transfer was a transfer of an interest of the Debtor in property.

21. The Trustee is informed, believes, and alleges that the Transfer occurred less than 60 days prior to the Petition Date.

22. The Trustee is informed, believes, and alleges that the Transfer was made to or for the benefit of Defendant Manafort.

23. The Trustee is informed, believes, and alleges that the Transfer was made to Defendant Manafort on account of an alleged antecedent debt.

24. The Trustee is informed, believes, and alleges that the transfer was made while the Debtor was insolvent.

25. The Trustee is informed, believes, and alleges that by reason of the Transfer, Defendant Manafort obtained more than it would have received in the chapter 7 case if the Transfer had not been made.

26. By reason of the foregoing, the Transfer is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b).

27. The Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 547(b) and to recover the Transfer or the equivalent value of the Transfer from Defendant Manafort for the benefit of the Estate pursuant to 11 U.S.C. § 550.

**SECOND CLAIM FOR RELIEF**

(To Avoid Transfer and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 544(b) and 550,

and Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09)

28. Trustee incorporates each and every allegation contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. Upon information and belief, the Transfer occurred just two days prior to the Petition Date.

30. The Transfer was made with the actual intent to hinder, delay or defraud the Debtor's creditors.

31. Creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

32. The Debtor made the Transfer to or for the benefit of Defendant Manafort.

33. The Debtor received no or inadequate consideration from the Defendant.

34. The Trustee is informed and believes, and on that basis alleges, that at the time of the Transfer, there was no obligation due and owing to the Defendant Manafort.

35. The Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

36. By reason of the foregoing, the Transfer is avoidable, and Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09 and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### THIRD CLAIM FOR RELIEF

(To Avoid Transfer and Recover Constructively Fraudulently

Transferred Property Under 11 U.S.C. §§ 544(b) and 550, and

Cal. Civ Code §§ 3439.04(a)(2), 3439.07 and 3439.09)

37. Trustee incorporates each and every allegation contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. At the time of the Transfer, the Debtor was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

39. At the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

40. The Transfer was made to and for the benefit of Defendant Manafort.

41. The Debtor did not receive reasonably equivalent value for making the Transfer and did not make the Transfer in good faith.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

42. By reason of the foregoing, the Transfer is avoidable, Trustee is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09, and Trustee is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### FOURTH CLAIM FOR RELIEF

(To Avoid Transfer and Recover Intentionally Fraudulently

Transferred Property Under 11 U.S.C. §§ 548(a)(1)(A) and 550)

43. Trustee incorporates each and every allegation contained in paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. The Trustee is informed, believes, and alleges that the Transfer occurred during the one-year period immediately preceding the Petition Date.

45. The Trustee is informed, believes, and alleges that the Transfer was made with the actual intent to hinder, delay, or defraud Debtor's creditors.

46. The Trustee is informed, believes, and alleges that creditors existed at the time of the Transfer that remained unpaid as of the Petition Date.

47. The Trustee is informed, believes, and alleges that Debtor received no consideration or inadequate consideration from Defendant Manafort for the Transfer.

48. The Trustee is informed, believes, and alleges that the Debtor was insolvent at the time of the Transfer and/or was rendered insolvent by virtue of the Transfer.

49. The Trustee is informed, believes, and alleges that Defendant Manafort did not take the Transfer in good faith.

50. By reason of the foregoing, the Transfer is avoidable, Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A), and Plaintiff is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

### FIFTH CLAIM FOR RELIEF

(To Avoid Transfer and Recover Constructively Fraudulently

Transferred Property Under 11 U.S.C. §§ 548(a)(1)(B) and 550)

51. Trustee incorporates each and every allegation contained in paragraphs 1 through 50, inclusive, as though fully set forth herein.

52. The Trustee is informed, believes, and alleges that at the time of the Transfer, Debtor was engaged in or was about to engage in a business or a transaction for which Debtor's remaining assets were unreasonably small in relation to the business or transaction.

53. The Trustee is informed, believes, and alleges that at the time of the Transfer, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond his ability to pay as they became due.

54. The Trustee is informed, believes, and alleges that the Transfer was made to and for the benefit of Defendant Manafort.

55. The Trustee is informed, believes, and alleges that Debtor did not receive reasonably equivalent value for making the Transfer.

56. The Trustee is informed, believes, and alleges that Debtor did not make the Transfer in good faith.

57. The Trustee is informed, believes, and alleges that Defendant Manafort did not take the Transfer for reasonably equivalent value.

58. The Trustee is informed, believes, and alleges that Defendant Manafort did not take the Transfer in good faith.

59. By reason of the foregoing, the Transfer is avoidable, Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and Plaintiff is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SIXTH CLAIM FOR RELIEF

(To Preserve Transfers for the Benefit of the Estate

Pursuant to 11 U.S.C. § 551)

60. Trustee incorporates each and every allegation contained in paragraphs 1 through 59, inclusive, as though fully set forth herein.

61. Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate as the Transfer is avoidable under 11 U.S.C. §§ 544 and 550 as set forth above.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in favor of Plaintiff and against the Defendants as follows:

### On the First Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a preferential transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants, jointly and severally, in the amount of the Transfer.

### On the Second Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants, jointly and severally, in the amount of the Transfer.

### On the Third Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants, jointly and severally, in the amount of the Transfer.

### On the Fourth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Awarding the Trustee a money judgment against the Defendants, jointly and severally, in the amount of the Transfer.

### On the Fifth Claim for Relief

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding the Trustee a money judgment against the Defendants, jointly and severally, in the amount of the Transfer.

### On the Sixth Claim for Relief

For preservation of the Transfer for the benefit of the Estate.

### On All Claims for Relief

For such other and further relief as this court may deem just and proper.

Respectfully submitted,

Dated:    November 16, 2018    WEILAND GOLDEN GOODRICH LLP

By:    */s/ Jeffrey I. Golden*

Jeffrey I. Golden
Attorneys for Chapter 7 Trustee
Thomas H. Casey

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**This page is part of your document - DO NOT DISCARD**

**20161618918**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/20/16 AT 03:40PM**

Pages:
0006

| | |
|---|---:|
| FEES: | 55.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 55.00 |

**LEADSHEET**

201612200750027

00013138378

008029301

**SEQ:**
**01**

DAR - Counter (Upfront Scan)

**THIS FORM IS NOT TO BE DUPLICATED**

E503741

Recording requested by:
Bruce E. Baldinger, Esq.

And when recorded, mail to:
Bruce E. Baldinger, Esq.
365 South Street
Morristown, NJ 07960

For recorder's use

## DEED OF TRUST AND ASSIGNMENT OF RENTS SECURING A PROMISSORY NOTE

This Deed of Trust, made December 19, 2016, between MT Yohai, LLC, whose address is 6446 Rodgerton Dr., Los Angeles, CA 90068, as the Trustor, Fidelity National Title Co., 5000 Sepulveda Blvd., Suite 500, Sherman Oaks, CA 91403 as the Trustee, and Kathleen B. Manafort, whose address is 721 Fifth Avenue, Apt. 43G, New York, NY 10022, as the Beneficiary.

1. Trustor hereby **IRREVOCABLY GRANTS TO TRUSTEE IN TRUST, WITH POWER OF SALE,**
   1.1 the real property in the City of Los Angeles, County of Los Angeles, California, referred to as:
   ,
   See Property Description on Exhibit "A"

   APN: 5588-002-044

   1.2 TOGETHER WITH the rents, issues and profits of the real property, subject to the provisions of §3.4, herein to collect and apply the rents, issues and profits,
   1.3 For the purpose of securing payment of:
   a) the indebtedness evidenced by a promissory note dated as of July 18, 2014 executed by Trustor, in the sum of $748,216.85;
   b) Any additional sums and interest hereafter loaned by Beneficiary to the then record Owner of the real property, evidenced by a promissory note or notes, referencing this Deed of Trust as security for payment;
   c) The Beneficiary's charge for a statement regarding the secured obligations requested by or for Trustor; and
   d) The performance of each agreement contained in this Deed of Trust.
2. **To protect the security of this Deed of Trust, Trustor agrees:**
   2.1 **CONDITION OF PROPERTY** – To keep the property in good condition and repair; not to remove or demolish any building; to complete and restore any building which may be constructed, damaged or destroyed; to comply with all laws affecting the property or requiring any alterations or improvements to be made; not to commit or permit waste; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the property may be reasonably necessary.
   2.2 **HAZARD INSURANCE** – Trustor will continuously maintain hazard insurance against loss by fire, hazards included within the term "extended coverage," and any other hazards for which Beneficiary requires insurance. The insurance will be maintained in the amounts and for the periods Beneficiary requires. The insurance carrier providing the insurance will be chosen by Trustor, subject to Beneficiary's approval, which will not be unreasonably withheld. All insurance policies will be acceptable to Beneficiary, and contain loss payable clauses acceptable to

Beneficiary. Beneficiary will have the right to hold policies and renewals.

In the event of loss, Trustor will give prompt notice to the insurance carrier and Beneficiary. Beneficiary may make proof of loss if not made promptly by Trustor. Beneficiary mencuay place the proceeds in a non-interest bearing account to be used for the cost of reconstruction of the damaged improvements. If Trustor fails to reconstruct, Beneficiary may receive and apply the loan proceeds to the principal debt hereby secured, without a showing of impairment.

2.3 **ATTORNEY FEES** – To appear in and defend any action or proceeding purporting to affect the security, or the rights and powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidencing title and attorney fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear.

2.4 **TAXES AND SENIOR ENCUMBERANCES** – To pay at least 10 days before delinquency: all taxes and assessments affecting the property, including water stock assessments when due, all encumbrances, charges and liens, with interest, on the property which are or appear to be senior to this Deed of Trust; and all expenses of this Deed of Trust.

2.5 **ACTS AND ADVANCES TO PROTECT THE SECURITY** – If Trustor fails to make any payment or to perform any act provided for in this Deed of Trust, then Beneficiary or Trustee may, without obligation to do so, and with or without notice or demand upon Trustor, and without releasing Trustor from any obligation under this Deed of Trust:
   a) Make or do the same to the extent either deems necessary to protect the security, Beneficiary or Trustee being authorized to enter upon the property to do so;
   b) Appear in or commence any action or proceeding purporting to affect the security, or the rights or powers of Beneficiary or Trustee;
   c) Pay, purchase, contest or settle any encumbrance, charge or lien that appears to be senior to this Deed of Trust.

In exercising the power of this provision, Beneficiary or Trustee may incur necessary expenses, including reasonable attorney fees.

Trustor to immediately pay all sums expended by Beneficiary or Trustee provided for in this Deed of Trust, with interest from date of expenditure at the same rate as the principal debt hereby secured.

3. **It is further mutually agreed that:**
   3.1 **ASSIGNMENT OF DAMAGES** – Any award of damages made in connection with:
      a) Condemnation for use of or injury to the property by the public, or conveyance in lieu of condemnation; or
      b) Injury to the property by any third party;
   is assigned to Beneficiary, who may apply or release the proceeds of such an award in the same manner and with the same effect as above provided for the disposition of hazard insurance proceeds.

   3.2 **WAIVER** – By accepting payment of any sum due after its due date, Beneficiary does not waive Beneficiary's right to either require prompt payment when due of all other sums or to declare a default for failure to pay. Beneficiary may waive a default of any agreement of this Deed of Trust, by consent or acquiescence, without waiving any prior or subsequent default.

   3.3 **DUE-ON-SALE** – If Trustor decides to sell, transfer or convey any interest in the property, legal or equitable, either voluntarily or by operation of law, then Beneficiary may, at Beneficiary's option, declare all sums secured by this Deed of Trust immediately due and payable.

   3.4 **ASSIGNMENT OF RENTS** – Trustor hereby assigns and transfers to Beneficiary all right, title and interest in rents generated by the property, including rents now due, past due, or to become due under any use of the property, to be applied to the obligations secured by this Deed of Trust.
      a) Prior to a default on this Deed of Trust by Trustor, Trustor will collect and retain the rents
      b) On default by Trustor, Beneficiary will immediately be entitled to possession of all unpaid rents.

3.5 **ACCELERATION** – If payment of any indebtedness or performance of any agreement secured by this Deed of Trust is in default, Beneficiary may at Beneficiary's option, with or without notice to Trustor, declare all sums secured immediately due and payable by:
   a) Commencing suit for their recovery or for foreclosure of this Deed of Trust
   b) Delivering to Trustee a written notice declaring a default with demand for sale; a written Notice of Default and election to sell to be recorded by Trustee.

3.6 **TRUSTEE'S SALE** – On default of any obligation secured by this Deed of Trust and acceleration of all sums due, Beneficiary may instruct Trustee to proceed with a sale of the secured property under the power of sale granted herein, noticed and held in accordance with California Civil Code §2924 et seq.

3.7 **TRUSTOR'S OFFSET STATEMENT** - Within 10 days of Trustor's receipt of a written request by Beneficiary, Trustor will execute a written estoppel affidavit identifying for the benefit of any assignee or successor in interest of Beneficiary: the then owner of the secured property; the terms of the secured note, including its remaining principal balance; any taxes or assessments due on the secured property; that the secured note is valid and the Trustor received full and valid consideration for it; and that Trustor understands the note and this Deed of Trust are being assigned.

4. **ADDENDA** – If any of the following addenda are executed by Trustor and recorded together with this Deed of Trust, the covenants and agreements of each will incorporate, amend and supplement the agreements of this Deed of Trust (check applicable boxes by hand): ☐ owner-occupancy rider; ☐ all-inclusive trust deed addendum; ☐ impounds for taxes and insurance addendum ☐ Private Mortgage Insurance (PMI) rider ☐ other:

5. **RECONVEYANCE** – Upon written request from Beneficiary stating that all sums secured by this Deed of Trust have been paid, surrender of this Deed of Trust and the note to Trustee for cancellation, and payment of Trustee's fees, Trustee will reconvey the property held under this Deed of Trust.

6. **SUCCESSORS, ASSIGNS AND PLEDGEES** – This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary will mean the holders and owner of the secured note, or, if the note has been pledged, the pledgee.

7. **TRUSTEE'S FORECLOSURE NOTICES** – The undersigned Trustor(s) requests a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address herein set forth.

Date: December 19, 2016     Trustor:     MT Yohai, LLC, a Delaware Limited Liability Company

*[signature]* Jeff Yohai
By: *[signature]* AS HIS ATTORNEY-IN FACT
By: PAUL J. MANAFORT
Name: Jeff Yohai
Title: Managing Member

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of __Los Angeles__

On __December 20, 2016__ before me, __Pam Scott, Notary Public__
(insert name and title of the officer)

personally appeared __Paul J. Manafort__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAM SCOTT
Commission # 2128243
Notary Public - California
Los Angeles County
My Comm. Expires Oct 23, 2019

Signature __Pam Scott__ (Seal)

RE: Deed of Trust & Assignment of Rents Securing a Promissory Note

Attorney in Fact for Jeff. Yohai

**EXHIBIT "A"**
Legal Description

For APN/Parcel ID(s): 5588-002-044

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel A of Parcel Map No. 1657, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 27 Page 14 of Parcle Maps, in the office of the County Recorder of said County.

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|

| **PLAINTIFFS** THOMAS H. CASEY, Chapter 7 Trustee of the Estate Mt. Yohai, LLC | **DEFENDANTS** KATHLEEN B. MANAFORT, an individual, and JEFFREY YOHAI, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) WEILAND GOLDEN GOODRICH LLP 650 Town Center Drive, Suite 600 Costa Mesa, CA 92626 Telephone: (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) □ Debtor  □ U.S. Trustee/Bankruptcy Admin □ Creditor  □ Other ■ Trustee | **PARTY** (Check One Box Only) □ Debtor  □ U.S. Trustee/Bankruptcy Admin ■ Creditor  □ Other □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(1), 3439.07 and 3439.09; (2) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550, and California Civil Code §§ 3439.04(a)(2), 3439.07 and 3439.09; (3) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550; (4) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (5) To Avoid and Recover Fraudulent Transfer Pursuant to 11 U.S.C. §§ 547(b) and 550; and (6) To Preserve Avoided Transfers Pursuant to 11 U.S.C. § 551

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
[2] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR<br>Mt. Yohai, LLC, a Delaware limited liability company | BANKRUPTCY CASE NO.<br>8:16-bk-15157-CB ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Catherine Bauer |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeffrey I. Golden |||
| DATE<br>11/16/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey I. Golden ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.